IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30603
Summary Calendar
_____


ALICE P WALL; JAMES WALL,

Plaintiffs-Appellants,

v.

MARVIN T RUNYON, UNITED STATES POSTMASTER GENERAL;
UNITED STATES POSTAL SERVICE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-1193)
_____
December 22, 1997
Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Alice P. Wall appeals the district court's dismissal of her claim of sexual harassment due to her failure to notify an EEO counselor of her complaint in a timely fashion as required by 29 C.F.R. § 1614.105(a)(1). Wall contends that her initiation of contact with the EEO Counselor was timely.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In the alternative, Wall argues that the district court erred in declining to grant her relief under the doctrine of equitable tolling. We affirm the judgment of the district court.

## I. FACTUAL & PROCEDURAL BACKGROUND

Beginning in September 1993, plaintiff-appellant Alice P. Wall worked for the United States Postal Service as a Part Time Flexible ("PTF") Clerk at its Minden, Louisiana post office. In October 1993 she began working for PTF supervisor Andrew Maddox. According to Wall, Maddox began sexually harassing her shortly thereafter.

In early 1995, Wall retained attorney James M. Johnson to file a complaint regarding Maddox's alleged conduct. Johnson wrote a letter to the New Orleans District Office of the Equal Employment Opportunity Commission ("EEOC") informing it of Wall's complaints. In a letter dated February 15, 1995, the EEOC responded that it was unable to address Wall's complaint because she was employed by a federal agency to which special regulations regarding employee complaints applied. The letter stated that Wall must "file the complaint with the person designated by the agency to receive Equal Employment Opportunity (EEO) complaints." In addition, it advised that "specific time limits pertain to the EEO process. See 29 C.F.R. Section 1614."

Wall contends that on July 5, 1995 she was injured at work while lifting heavy boxes as directed by Maddox. She asserts

2

that this job was usually assigned to two people, but in retaliation for her reports against him she was the only one assigned to it. She further insists that Maddox continued to harass her by reprimanding her on July 25, 1995 for driving a car while under a doctor's care and by attempting, on September 1, 1995, "to cajole [her] to return to work before she had healed from her injury."

In a letter dated August 23, 1995, Johnson notified Charles E. Hamilton, Jr., Senior EEO Complaints Processing Specialist, that Wall wished to make a complaint against Maddox. In a memorandum dated September 6, 1995, Hamilton responded that he had received Wall's request for pre-complaint counseling and that she should complete and return the enclosed PS Form 2564-A within 10 calendar days of receiving his memorandum. Wall completed and returned the form within the appropriate time.

In late September 1995, Wall was notified that her case had been assigned to Joseph C. Candilora, an EEO Counselor/Investigator, and on approximately December 8, 1995, Candilora contacted Wall, supplying her with PS Form 2579-A, "Notice of Right to File Individual Complaint," and PS Form 2565, "EEO Complaint of Discrimination in the Postal Service." The forms were signed by Candilora and stated that Wall had the right to file a formal complaint within 15 days of receiving the letter. Wall returned the completed and signed PS Form 2565 within the 15-day period. The form indicated that the alleged

discriminatory acts took place from January 3, 1994 to June 26, 1995.

On December 28, 1995, Wall terminated her contract with Johnson and retained her present counsel. On approximately February 29, 1996, Wall received a letter from Otis Maclin, Jr., EEO Compliance and Appeals Coordinator, notifying her that her complaint had been dismissed as untimely because she had failed to notify the EEO of the alleged discriminatory acts within 45 days of the final occurrence as required by 29 C.F.R. § 1614.105(a)(1) (1995). The letter further stated that if Wall was dissatisfied with this result, she could file a civil action in the United States District Court within 90 calendar days of her receipt of the letter.

On May 13, 1996, Wall filed suit against Marvin T. Runyon, in his official capacity as Postmaster General, the United States Postal Service, and Maddox (collectively, "Defendants") claiming violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 and asserting state law claims for battery and intentional infliction of emotional distress. In addition, Wall's husband, James Wall, stated a derivative claim for loss of consortium. The Walls sought compensatory and punitive damages, attorney's fees, court costs, and injunctive relief.

Defendants thereafter filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56. The Walls

conceded that they had no claims under state law and that they had no claim for punitive damages, but they maintained that their other claims were valid. Thereafter, the court allowed the Walls to supplement their opposition to the motion with various affidavits and depositions. In a Memorandum Ruling issued on May 22, 1997, the district court granted Defendants' motion for summary judgment[1] and dismissed all of the Walls' claims with prejudice.

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo, applying the same criteria that the district court used in the first instance. See Kemp v. G.D. Searle & Co., 103 F.3d 405, 407 (5th Cir. 1997). We consult the applicable law in order to ascertain the material factual issues, and we then review the evidence bearing on those issues, viewing the facts and inferences to be drawn therefrom in the light most favorable to the nonmovant. See King v. Chide, 974 F.2d 653, 656 (5th Cir. 1992). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

---

[1] The district court disposed of the motion as a motion for summary judgment because matters outside the pleadings were presented to the court.

### III.  ANALYSIS

On appeal, Wall contests only the dismissal of her Title VII claim.[2]  The district court granted summary judgment on this claim because it found that Wall failed to notify the EEO Counselor of her complaint within the prescribed time frame and therefore failed to comply with the mandatory administrative prerequisites to suit under Title VII.[3]  In addition, the district court determined that Wall had presented no evidence to suggest that she was entitled to equitable tolling of the time limit.

Wall asserts that the district court erred in dismissing her

_____

[2]   James Wall has not appealed the dismissal of his loss of consortium claim.

[3]   The district court stated that it was dismissing this claim for want of subject matter jurisdiction.  The requirement that a claimant contact the EEO Counselor within 45 days of the alleged discriminatory event is not a jurisdictional prerequisite.  Henderson v. United States Veterans Admin., 790 F.2d 436, 439-40 (5th Cir. 1986) ("The timely notification to the appropriate administrative authority of a complaint of discrimination is a precondition to suit and may bar the claim.  Lack of timely notification, however, does not deprive the court of subject matter jurisdiction."); Oaxaca v. Roscoe, 641 F.2d 386, 388 (5th Cir. Unit A Apr. 1981) ("Although the failure timely to notify the appropriate administrative authority of a discrimination complaint against a federal agency may bar the claim, tardy notification does not deprive the court of jurisdiction of the subject matter, but instead results in dismissal because the claim lacks merit." (citation omitted)).  Although the district court erred in stating that it was dismissing the claim for lack of subject matter jurisdiction, we conclude that the error was harmless because, as we explain infra, Wall's notice to the EEO Counselor was not timely and she is not entitled to equitable tolling.  Thus, the district court's dismissal of her claim was proper.  Cf. Espinoza v. Missouri Pac. R.R. Co., 754 F.2d 1247, 1248 n.1 (5th Cir. 1985).

Title VII claim, arguing that her initial contact with the EEO was timely and, in the alternative, requesting that she be granted equitable tolling because she was unaware of the time limit.  Defendants respond that the district court's grant of summary judgment was proper because Wall failed to notify an EEO Counselor of her complaint within the prescribed period.  They further argue that she is not entitled to equitable tolling of the statute because she had notice of the time limit imposed by § 1614.105(a)(1).

It is well settled that federal employees must pursue and exhaust the administrative remedies that are available to them before they may file suit under Title VII in federal court.  <u>See</u> <u>Pacheco v. Rice</u>, 966 F.2d 904, 905 (5th Cir. 1992).  Pursuant to the authority granted to it in Title VII, <u>see</u> 42 U.S.C. § 2000e-16(b), the EEOC has promulgated regulations regarding the administrative remedies that are available to aggrieved employees of the United States Postal Service.  <u>See</u> 29 C.F.R. § 1614.103(b)(3) (1995).  Section 105 of the EEOC regulations states, in pertinent part, that "[a]n aggrieved person must initiate contact with a[n EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory."  <u>Id.</u> § 1614.105(a)(1).  The regulations further explain that

> The agency shall dismiss a complaint or a portion of a complaint:
> . . .
> (b) That fails to comply with the applicable time limits contained in §§ 1614.105, 1614.106, and

7

1614.204(c), unless the agency extends the time limits in accordance with 1614.604(c) . . . .

Id. § 1614.107. Moreover, this court has held repeatedly that "[f]ailure to notify the EEO counselor in timely fashion may bar a claim, absent a defense of waiver, estoppel, or equitable tolling." Pacheco, 966 F.2d at 905; see also Henderson v. United States Veterans Admin., 790 F.2d 436, 439-40 (5th Cir. 1986).

Wall's December 22, 1995 "EEO Complaint of Discrimination in the Postal Service" stated that the alleged discrimination took place from "January 3, 1994 through June 26, 1995." As the discriminatory acts at issue in the complaint presented to the EEO Counselor ended on June 26, 1995,[4] Wall's initial contact with the Postal Service's EEO Counselor on August 23, 1995 was untimely because it fell outside of the 45-day time limit prescribed by § 1614.105(a)(1).

Wall argues that her contact with the EEO Counselor was timely because the final act of discrimination actually occurred on September 1, 1995 when Maddox, in retaliation for her complaints, "attempt[ed] to force her back to work too soon" after a back injury. We disagree. As the district court correctly explained, "[h]ad Wall wished to include the . . .

---

[4] Wall contends that because she did not type the complaint form that she submitted to the EEO, she should not be held to the dates stated therein. We disagree. Regardless of who actually completed the complaint form, it was submitted to the EEO by Wall's attorney on her behalf. Wall therefore cannot now claim that she is not responsible for the contents of the complaint.

September 1, 1995 events in her December 22, 1995 'EEO Complaint Of Discrimination' she could have done so.  However, she did not, and her post facto attempt to cure this defect is unavailing."

Wall next argues that she is entitled to equitable tolling. She claims that she was unaware of the 45-day time limit imposed by § 1614.105(a)(1) because there was no notice regarding the administrative complaint procedure posted in the Minden post office.  The EEOC regulations state, in pertinent part, that:

> The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, . . . that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2) (1995).  While the regulations indicate that the time limit is subject to waiver, estoppel, and tolling, id. § 1614.604(c), as the Supreme Court has explained, "[f]ederal courts have typically extended equitable relief only sparingly."  Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990).  Equitable tolling is generally not allowed where the untimeliness is a result of the claimant or her representative's failure "to exercise due diligence in preserving [her] legal rights."  Id.

The district court determined that a factual dispute existed as to whether the correct advisory was posted in the Minden post office, but it concluded that the issue was irrelevant because

9

Wall, through her attorney, had notice of the applicable time limit upon receipt of the EEOC's February 15, 1995 letter. We agree. The February letter stated that "specific time limits pertain to the EEO process" and directed Wall to consult 29 C.F.R. § 1614, which explicitly states that the complainant must contact the EEO Counselor within 45 days of the alleged discrimination or the complaint is subject to dismissal. 29 C.F.R. §§ 1614.105(a)(1), .107(b). Wall's attorney received this letter approximately six months before he initiated contact with the EEO Counselor on August 23, 1995.

Wall has provided the court with no reasonable explanation of her failure to contact the EEO Counselor prior to August 23, 1995, and she has not argued that her attorney failed to disclose the EEOC's February letter to her. Absent some explanation of the failure of a party's attorney to protect her rights, we have held that notice to the party's attorney is sufficient to constitute notice to the party. Wilson v. Secretary, Dep't of Veterans Affairs, 65 F.3d 402, 405 (5th Cir. 1995); see also Irwin, 489 U.S. at 93. We therefore conclude that, in the instant case, Wall's failure to notify the EEO Counselor within the 45-day period was the result of a lack of due diligence on the part of Wall or her attorney, and she is therefore not entitled to equitable tolling. Because Wall failed to notify the EEO Counselor of her complaint within the prescribed period and is not entitled to equitable tolling, her Title VII claim is

barred.  As a result, the district court's dismissal of her suit was proper.  <u>See</u> <u>Pacheco</u>, 966 F.2d at 905.

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.